[No. E035293. Fourth Dist., Div. Two. June 28, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN MICHAEL GONZALES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976.1 (b) and 976.1, this opinion is certified for publication with the exception of DOUBLE JEOPARDY.

COUNSEL

Carmela F. Simoncini, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez, and Angela M. Borzachillo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HOLLENHORST, Acting P. J.**—This appeal is from a retrial of a strike allegation, which was reversed by the United States District Court in habeas corpus proceedings following our state appellate court's affirmance of the true findings. During the retrial, the prosecution presented additional evidence and the trial court again found that defendant Steven Michael Gonzales's prior conviction qualified as a strike. He appeals contending that the retrial of his strike allegation was barred by double jeopardy principles. Furthermore, in supplemental briefing he challenges the trial court's admission of the preliminary hearing transcript from one of defendant's prior cases as part of the record of his conviction of a prior serious felony.

## PROCEDURAL BACKGROUND

The information filed on April 17, 1997, in case No. FWV012454 charged two criminal law violations: count 1, a violation of Penal Code section 245, subdivision (a)(2),[1] and count 2, a violation of section 12021, subdivision (a)(1). It was further alleged, with respect to count 1, that defendant personally used a firearm, within the meaning of sections 12022.5, subdivision (a) and 1203.06, subdivision (a)(1), and that he suffered three prior prison terms within the meaning of section 667.5, subdivision (b), and one strike prior within the meaning of sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i).[2]

On December 28, 1998, defendant pled guilty pursuant to a plea bargain, which did not include the strike allegation. The agreement provided that he

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We grant defendant's request that we take judicial notice of the previous appeals (E024154 and E024158) which were consolidated under case No. E024154.

would plead guilty to count 2, the violation of section 12021, subdivision (a)(1) and that count 1 would be dismissed. In a court trial, the court found that the 1992 prior conviction for violating section 246.3 constituted a serious felony. Defendant was therefore sentenced pursuant to sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1). The prison priors were stricken and he was sentenced to the upper term of three years, doubled for a total term of six years, on count 2, with credit for 802 days (535 days actual custody, plus 267 days pursuant to section 4019) served in local custody. The court ordered the sentence to run consecutively to the term in another case, No. FWV016181.

In case No. FWV016181, an eight-count information filed on August 5, 1998, charged defendant with various offenses arising out of a domestic violence incident. The information was amended on December 28 to add a ninth count, robbery, in violation of section 211, along with three prison priors pursuant to section 667.5, subdivision (b), and one strike prior within the meaning of section 1170.12, subdivisions (a) through (d). Defendant pled guilty on December 28, 1998, to count 9, pursuant to an agreement that reserved the issue of the strike for a court trial and contemplated dismissal of the remaining counts and allegations. The court found the strike allegation true and defendant was sentenced to the low term of two years, doubled, for a total of four years for count 9. The balance of the information was dismissed.

Following defendant's appeals in case Nos. E024154 and E024158, on May 9, 2000, this court affirmed the judgment finding that the prior conviction for violating section 246.3 constituted a serious or violent felony within the meaning of section 1192.7, subdivision (c)(8). The opinion was modified on November 29. Our state Supreme Court denied review on February 28, 2001. Defendant filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. The district court granted the petition and reversed the true finding on the strike allegation on the grounds of insufficient evidence. The matter was remanded to the trial court.

On remand, the trial court retried the strike allegation and found it to be true. Sentence was reimposed as before.

## DOUBLE JEOPARDY AND STRIKE ALLEGATIONS

Prior to retrial of defendant's prior conviction allegation, the trial court noted that the federal court found that the state trial court made an improper presumption when it found that defendant was not an aider and abettor and

therefore had personally used a firearm. She remarked that the federal court ruled that the documentation to support a finding of personal use of a firearm was insufficient.

Defense counsel advised the trial court that he had spoken with appellate counsel and objected to the retrial because the first findings were found insufficient. Additionally, defense counsel objected to the introduction of any evidence not presented in the prior trial. The prosecutor argued that the district court remanded the case for retrial. The trial court agreed and proceeded with the retrial over defendant's objection.

During retrial, the prosecutor submitted documents (previously offered in the first trial) from case No. KA-010792, including the information, defendant's guilty plea to the discharge of a firearm with gross negligence (§ 246.3), and also a section 969b packet. Additionally, the prosecutor presented a copy of the preliminary hearing transcript from the prior conviction which took place on December 10, 1991. Defendant objected. The prosecutor argued that under *People v. Reed* (1996) 13 Cal.4th 217 [52 Cal.Rptr.2d 106, 914 P.2d 184], the preliminary hearing transcript was properly admitted.

Using the preliminary hearing transcript, the prosecutor pointed out that a witness had testified in at least six instances, on both direct and on cross-examination, that defendant personally used a firearm. After hearing the evidence, the trial court found, beyond a reasonable doubt, that in the commission of section 246.3, defendant personally used a firearm. The court then imposed the same sentence which the prior court had imposed.

## ADMISSION OF PRELIMINARY HEARING TRANSCRIPT

After we issued our tentative opinion, but prior to oral argument, the United States Supreme Court issued its decision in *Shepard v. United States* (2005) 544 U.S. 13 [161 L.Ed.2d 205, 125 S.Ct. 1254] (*Shepard*). As a result, we ordered simultaneous letter briefs addressing both *Shepard* and *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354] (*Crawford*).

Defendant argues that the trial court violated the principles set forth in *Crawford* and *Shepard* by admitting evidence of the preliminary hearing transcript as part of the record of conviction of defendant's prior serious felony.

In *Crawford*, the United States Supreme Court reversed the conviction of a criminal defendant after the prosecution introduced a tape recording of a police interview with a witness who did not testify at trial. The court held that out-of-court "testimonial" hearsay is barred by the confrontation clause unless the witness is unavailable, and the defendant had an opportunity to cross-examine the witness. The court "le[ft] for another day any effort to spell out a comprehensive definition of 'testimonial' " (*Crawford, supra,* 541 U.S. at p. 68 [124 S.Ct. at p. 1374], fn. omitted); the court stated, however, that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." (*Ibid.*)

In *Shepard*, our highest court held that inquiry into the facts underlying a prior conviction under the Armed Career Criminal Act (18 U.S.C. §§ 922(g)(1) & 924(e)(1)) (ACCA) to determine whether a guilty plea admitted elements of a violent offense, "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." (*Shepard, supra,* 544 U.S. at p. 26 [125 S.Ct. at p. 1263].) In so holding, the court declined to permit a federal judge to consider police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, a violent felony, in that case, a generic burglary. (*Id.* at p. 1257.)

Under the facts in this case, we find neither *Crawford* nor *Shepard* applicable. In determining the substance of a prior conviction, the trier of fact may look to the entire record of conviction. (*People v. Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150].) The "record of conviction" includes the charging document and court records reflecting defendant's admission, no contest plea, or guilty plea. (*People v. Reed, supra,* 13 Cal.4th at p. 224 (*Reed*).) It also includes those portions of a probation officer's report which contain the defendant's admissions. (*People v. Garcia* (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662].)

In *Reed*, our state's highest court held that a preliminary hearing transcript offered to prove the circumstances of a prior conviction was properly admitted pursuant to Evidence Code section 1291, after finding the witnesses were legally unavailable. (*Reed, supra,* 13 Cal.4th at pp. 229, 231.) The *Reed* court reasoned that the witnesses who testified at the preliminary hearing were legally unavailable because, under the rule announced in

*Guerrero,* the prosecution was precluded from presenting any evidence outside the record of conviction to prove the circumstances of the prior crime. (*Reed,* at p. 225.)

■ Regarding the defendant's confrontation challenge, the *Reed* court noted that the holding of unavailability required under the federal Constitution was no different in kind or degree than that required under Evidence Code section 1291. (*Reed, supra,* 13 Cal.4th at p. 228.) Because *Guerrero* absolutely precluded the prosecution from presenting the witnesses' live testimony "to show the serious-felony nature of defendant's prior conviction, that testimony was as unavailable to the prosecution under the Constitution as it was under Evidence Code section 1291." (*Reed,* at p. 228.)

As in *Reed,* the prosecution in this case was unable to call the witness to present evidence of the circumstances of defendant's prior conviction. Thus, the first requirement that the witness be unavailable was met. (*Crawford, supra,* 541 U.S. at p. 68.) Given the fact that defendant was represented at the preliminary hearing, he was also afforded the opportunity to cross-examine the witness as required by *Crawford.* (*Ibid.*)

Additionally, Evidence Code section 1291 also requires that the party against whom the former testimony is offered was also a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the current hearing, before prior testimony can be admitted in a subsequent proceeding. (Evid. Code, § 1291, subd. (a)(2); *People v. Zapien* (1993) 4 Cal.4th 929, 975 [17 Cal.Rptr.2d 122, 846 P.2d 704].)

Here, the prosecutor offered the preliminary hearing transcript from defendant's prior conviction. The issue during that proceeding was whether he negligently discharged a firearm. The witness who testified at the preliminary hearing said that she saw defendant pull a firearm from under his trench coat and fire it into the air. Defendant's interest and motive during cross-examination was to discredit the witness to preclude a finding that he had discharged a firearm, in order to avoid a conviction and prison sentence. At his retrial on the prior conviction allegation, the issue was whether defendant personally used a firearm during the commission of the discharge of a firearm offense. Defendant's interest and motive during the retrial was similar, if not

the same, as his interest and motive during the preliminary hearing, i.e., to preclude a finding that he had personally discharged the firearm. Because both proceedings were of the same type, i.e., criminal, the trial strategy (discredit the witness and claim innocence) was the same; the potential penalty (incarceration) was the same; and the issue and parties were the same.

 As respondent points out, "[n]othing in *Crawford* altered the viability of *Reed's* interpretation of [Evidence Code] section 1291 or its holding that a witness was legally unavailable to testify to the circumstances of a prior conviction."

 Likewise, we find *Shepard's* holding unavailing for the reasons cited by respondent: (1) the *Shepard* court was interpreting a federal statute, the interpretation of which is not binding on the interpretation of California law; (*Courtney v. Waring* (1987) 191 Cal.App.3d 1434, 1440 [237 Cal.Rptr. 233]) (2) unlike the ACCA, California law specifically requires a defendant be afforded a trial on the issue of whether he has prior convictions (*People v. Epps* (2001) 25 Cal.4th 19, 27 [104 Cal.Rptr.2d 572, 18 P.3d 2]); (3) unlike the ACCA, California law requires a jury trial to make findings regarding prior convictions that bring a defendant under the three strikes sentencing scheme (*Epps, supra,* 25 Cal.4th at p. 27); (4) the right to a jury trial and a finding beyond a reasonable doubt are rights already secured by California's process (*id.* at p. 29); and (5) *Shepard* did not address the use of a preliminary hearing transcript to prove a prior conviction.

 For the above reasons, the trial court did not violate of the principles set forth in *Crawford* and *Shepard* by admitting evidence of the preliminary hearing transcript as part of the record of conviction of defendant's prior serious felony.

## DOUBLE JEOPARDY[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante*, at page 767.

## DISPOSITION

The judgment is affirmed.

McKinster, J., and Ward, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 2, 2005.