Filed 5/16/13  P. v. Strain CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRADLEY ALLEN STRAIN,<br><br>　　　　Defendant and Appellant. | C069641<br><br>(Super. Ct. No. 11-3746) |

Defendant Bradley Allen Strain pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378).  The trial court sentenced defendant to three years in state prison.

On appeal, defendant raises three challenges to the state prison sentence.  He contends:  (1) the trial court could not rely on the out-of-state prior because it was not pleaded or proven; (2) there is insufficient evidence to support the trial court's finding that he had a prior out-of-state serious felony conviction which disqualified him from the county jail provisions of Penal Code section 1170, subdivision (h); and (3) the state prison commitment violated the terms of his plea agreement.

1

Agreeing with defendant's second contention, we vacate the sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

We dispense with the facts of defendant's crime, as they are unnecessary to resolve this appeal.

Defendant was charged by information with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possession of methamphetamine for sale (Health & Saf. Code, § 11378), and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)). The information also alleged enhancements for a prior prison term (Pen. Code, § 667.5, subd. (b)), and two prior felony convictions for driving under the influence with three or more prior driving under the influence convictions within 10 years (Pen. Code, § 1203, subd. (e)(4); Veh. Code, §§ 23152, subd. (a), 23550).

Defendant signed and initialed a written plea declaration, which was signed by defense counsel, the prosecutor, and the trial court. Defendant initialed a provision describing the agreement as follows: "I will enter into a no contest plea to Count 2 -- Health and Safety Code section 11378, possession of a controlled substance for sale. Remaining counts and enhancement[s] will be dropped. I will be sentenced to the upper term of three years, which will be served in county prison pursuant to AB 109."[1]

The trial court (Shockley, J.) held a plea hearing on September 23, 2011. Defense counsel made the following statement when describing the plea agreement to the trial court: "It is agreed that he will be sentenced to a stipulated upper term of three years. Given the change [due to] AB 109 after October 1st, he will be sentenced -- he will -- it is my belief that he will serve this in local time, that is my belief, and I think that's [the

---

[1]     Assembly Bill No. 109 (2011 Reg. Sess.) refers to the Realignment Act, which enacted, among other things, Penal Code section 1170, subdivision (h). (See Stats. 2011, ch. 15, § 450.)

prosecutor's] belief as well, however, he doesn't want to stipulate to that, but -- [i]t's my understanding[.]"

The prosecutor replied: "My position is because AB109 is so new, my understanding is that at the time of sentencing the defendant will be serving a prison sentence locally, however, I am not stipulating that that is necessarily correct, but will -- my offer is a three year term."

Defense counsel then stated: "If he was not eligible, then it would be an illegal sentence anyway. So I have advised [defendant] that he will be serving locally, and for some reason he wasn't, that would be a basis for him to withdraw his plea, that's where we are at right now . . . . [¶] . . . [¶] Basically, we all agree that based on the information we have, he should serve his sentence locally. It will be a prison sentence, three years. [The prosecutor] just doesn't -- wants to make sure he's stipulating to something if we're wrong, and I think that's not a problem." Defendant then entered his plea.

At an October 17, 2011, sentencing hearing, the trial court (Mock, J.) noted the language from the written plea agreement stating that the time would be served in county jail pursuant to the Realignment Act. The prosecutor reiterated that the People did not stipulate to local time. Defense counsel's understanding was defendant would be sentenced to local time because he was not a registered sex offender and did not have a prior strike. Counsel said the probation department had since learned defendant had a prior burglary conviction from Montana, and it believed that prior burglary was a strike. Counsel asserted the conviction was not a strike because the Montana burglary statute was broader than its California counterpart, and there was no record of the conviction. The trial court indicated its agreement with the defense, but continued sentencing for the prosecution to file a brief if desired.

The probation report, filed November 3, 2011, listed defendant's prior convictions, including a 1998 burglary conviction in Montana. According to the probation report, the

3

police report in the Montana case stated that: "defendant went into a residence with a juvenile companion. He personally kicked in a locked door, entered the residence, and took a box full of money. He later split up the money with the juvenile co-defendant." The probation report recommended a state prison term because the facts of the Montana offense constituted first degree burglary in California, which rendered defendant ineligible to serve his prison sentence in county jail under the Realignment Act.

At a November 3, 2011, sentencing hearing, defense counsel asserted that the Montana prior conviction was subject to a pleading and proof requirement and thus did not disqualify defendant under Penal Code section 1170, subdivision (h). After the prosecutor again reiterated that the People never stipulated to local time, defense counsel said: "I think, just to clarify, what was placed on the record is, it was agreed that he would be sentenced locally if he was entitled to be sentenced locally and he would not if he wasn't, and it's a *question of law* that answers -- of course, a question of law for the court and we have different opinions on it. We are prepared to submit." (Italics added.)

The trial court (Mock, J.) found the prior conviction was not subject to a pleading and proof requirement, and, "based on the information contained in the police report and provided by counsel today," the Montana burglary conviction disqualified defendant from sentencing under Penal Code section 1170, subdivision (h)(3). The court then imposed a three-year state prison term.

DISCUSSION

I

We deal with two of defendant's contentions in this section. In the first, defendant contends a serious felony conviction used to disqualify him under Penal Code section 1170, subdivision (h)(3), is subject to a pleading and proof requirement.

4

In the second, he contends there is insufficient evidence to support the trial court's finding that he was disqualified from sentencing under Penal Code section 1170, subdivision (h), because his Montana burglary conviction was a serious felony.[2]

A.

Defendant asserts his state prison term violated his due process rights because the basis of his state prison commitment, the trial court's finding that his Montana burglary conviction was a serious felony, must be pleaded and proven to the trier of fact. We recently rejected this contention in another case, and do so here. (*People v. Griffis* (2013) 212 Cal.App.4th 956, 959 (*Griffis*).)

B.

Although the prior strike does not have to be pleaded and proven like an element of the underlying offense, defendant is still entitled to due process. "[D]efendant is entitled to due process in the award of credits, which in this context entails sufficient notice of the facts that restrict his ability to earn credits and, if he does not admit them, a reasonable opportunity to prepare and present a defense. [Citations.]" (*People v. Lara* (2012) 54 Cal.4th 896, 906.) The same applies to a prior serious or violent felony conviction used to disqualify a defendant from Realignment Act sentencing. Due process also requires some level of evidentiary support as to the existence and nature of the prior conviction in question. Our decision in *Griffis* illustrates this point.

---

[2] Felonies punished pursuant to Penal Code section 1170, subdivision (h), have their terms served in county jail rather than state prison and a concluding portion of the term may be served through a form of probation instead of confinement. (*People v. Lynch* (2012) 209 Cal.App.4th 353, 357.) Defendant's crime is subject to the alternative sentencing provisions of Penal Code section 1170, subdivision (h). (Health & Saf. Code, § 11378.) Penal Code section 1170, subdivision (h) does not apply, as relevant here, if the defendant has a current or prior conviction for a serious or violent felony. (Pen. Code, § 1170, subd. (h)(3).)

5

Determining whether an out-of-state conviction is a serious felony disqualifying the defendant from sentencing under Penal Code section 1170, subdivision (h), is resolved under the same standard applied to out-of-state convictions under the "Three Strikes" law. " 'Under the Three Strikes law, a prior conviction from another jurisdiction constitutes a strike if it is "for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of [Penal Code] Section 667.5 or subdivision (c) of [Penal Code] Section 1192.7." [Citations.] Thus, the prior foreign conviction "must involve conduct that would qualify as a serious [or violent] felony in California." [Citation.] "To make this determination, the court may consider the entire record of the prior conviction as well as the elements of the crime." [Citation.] If the record insufficiently reveals the facts of the prior offense, the court must presume the prior conviction was for the least offense punishable under the foreign law.' [Citation.]" (*Griffis, supra,* 212 Cal.App.4th at p. 965.) Thus, if there is insufficient evidence on the record that the out-of-state prior is a serious felony, then it cannot be used to reduce a defendant's conduct credits (see *ibid.*), or to disqualify a defendant from the Realignment Act.

At the relevant time in Montana, burglary was defined as follows: "A person commits the offense of burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein." (Former Mont. Code, Ann. § 45-6-204(1) (1998).)

There are two differences between burglary in California and burglary in Montana. The required intent in California to commit a burglary is the "intent to commit grand or petit larceny or any felony . . . ." (Pen. Code, § 459.) In Montana the statute does not define the kinds of crimes that must be intended, the intent to commit any crime suffices. The second distinction is when the intent must be formed. In California the intent must exist at the time of entry. (*People v. Riel* (2000) 22 Cal.4th 1153, 1204.) In Montana, the phrase, "or remains," expands the time when the intent may be formed beyond that

6

required in California and allows the intent to be formed after entry. Thus a person could be convicted of burglary in Montana which did not include all of the elements necessary to prove a burglary in California.

The trial court found defendant's Montana burglary conviction constituted burglary in California based on a Montana police report, summarized in the probation report, stating that defendant and a juvenile companion broke into a locked residence and took money.

"In determining the substance of a prior conviction, the trier of fact may look to the entire record of conviction. [Citation.] The 'record of conviction' includes the charging document and court records reflecting defendant's admission, no contest plea, or guilty plea. [Citation.] It also includes those portions of a probation officer's report which contain the defendant's admissions. [Citation.]" (*People v. Gonzales* (2005) 131 Cal.App.4th 767, 773.)

In the context of finding insufficient proof of a foreign drunk driving conviction in a Department of Motor Vehicles license suspension proceeding, we observed: "In the criminal context, no case holds that police reports are part of 'the record of conviction' for purposes of proving prior serious felony convictions under Penal Code section 667, subdivision (a). [Citation.]" (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.) Here, the record does not even include the police report, as the trial court relied on the probation officer's summary of that report in determining the Montana prior was a serious felony. The trial court therefore erred in relying upon the police report to establish the nature of the Montana conviction. Since there was no other evidence establishing the nature of the conviction, insufficient evidence supports the trial court's finding that the Montana prior constituted a serious felony under California law.

Since there is no double jeopardy bar to sentencing proceedings (*Monge v. California* (1998) 524 U.S. 721, 724 [141 L.Ed.2d 615, 621]; *People v. Monge* (1997) 16

Cal.4th 826, 829), on remand the People may offer new evidence that the prior qualified as a serious felony.  (See *Griffis, supra,* 212 Cal.App.4th at p. 965.)

II

In this section we deal with defendant's third and final contention.  In it, defendant contends his state prison sentence violates the terms of his plea agreement.  His claim is based on the written felony plea form, which provides a three-year term in county jail pursuant to Penal Code section 1170, subdivision (h) as the stipulated sentence.  He asserts the plea colloquy is consistent with his contention, as it also describes a stipulated three-year county jail term.  Defendant also notes that part of the plea form specifying the length of parole was left blank.

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement."  (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 (*Walker*), disapproved on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)  A punishment which significantly varies from the plea agreement violates a defendant's rights, but a punishment which is insignificant relative to the whole agreement may be imposed without violating the plea.  (*Walker, supra,* at p. 1024.)

As described above, the written felony plea form indicated a three-year county jail term as the stipulated sentence.  At the plea hearing, the prosecutor stated the People were not stipulating to a county jail term, and defense counsel agreed that if defendant was not subject to the county jail provisions of the Realignment Act, then a county jail sentence would be "illegal," and defendant would have grounds to withdraw from the plea.

Penal Code section 1192.5 provides in part that when a court approves a guilty or no contest plea, "it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further

8

consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so."

"Whether or not a defendant waives an objection to punishment exceeding the terms of the bargain by the failure to raise the point in some fashion at sentencing depends upon whether the trial court followed the requirements of [Penal Code] section 1192.5." (*Walker*, *supra*, 54 Cal.3d at p. 1024.) "Absent a [Penal Code] section 1192.5 admonition, we cannot assume the defendant knew he had a right to withdraw his plea. But when the admonition is given, and the defendant does not ask to withdraw the plea or otherwise object to the sentence, he has waived the right to complain of the sentence later." (*Walker*, *supra*, at p. 1026.)

Defendant initialed the following provision in the felony plea form: "My attorney has explained to me that if the court refuses to accept the above-stated agreement, I will be allowed to withdraw my plea." This was shortly after the description of the plea setting forth the three-year county jail term.

Acknowledging the written warning, defendant maintains the Penal Code section 1192.5 admonition was insufficient because the trial court never orally advised defendant about the warning, instead "asking only if [defendant] had reviewed the plea form." "[A] defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge. The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney." (*In re Ibarra* (1983) 34 Cal.3d 277, 286.) The trial court asked defendant if he had reviewed, understood, and signed the plea form; defendant answered "yes" to all three questions. Therefore, defendant is bound by the written Penal Code section 1192.5 admonition. Accordingly, his failure to withdraw from the plea after the trial court imposed the state prison term forfeits his contention on appeal.

9

Defendant claims trial counsel's failure to request to withdraw from the plea constitutes ineffective assistance of counsel. " 'Reviewing courts will reverse convictions on the ground of inadequate counsel only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' [Citation.]" (*People v. Zapien* (1993) 4 Cal.4th 929, 980.)

The plea agreement was advantageous to defendant even if he served the time in state prison rather than county jail. If defendant withdrew from the plea, he faced possible additional time from the prior prison term enhancement that was dismissed under the plea agreement. More importantly, the People could amend the information to include serious felony and strike allegations stemming from the Montana burglary conviction, exposing defendant to a significantly greater sentence, of five years in state prison tacked onto a doubled base term, than under the plea. Since there is a clear tactical purpose for defense counsel's decision, the failure to withdraw from the plea was not ineffective assistance.

## DISPOSITION

The conviction is affirmed, the sentence is vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion.

       NICHOLSON    , J.

We concur:

      RAYE    , P. J.

      BUTZ    , J.