Filed 1/30/15  P. v. Broderick CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060006 |
| v. | (Super.Ct.No. INF1301472) |
| ROBERT JAMES BRODERICK, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Robert A. Erwood, Judge.

Affirmed as modified.

Corona & Peabody and Jennifer Peabody, under appointment by the Court of

Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney

General, A. Natasha Cortina, Kristen Chenelia, and Minh U. Le, Deputy Attorneys

General, for Plaintiff and Respondent.

Defendant Robert James Broderick entered a Del Taco restaurant in Cathedral City wearing a motorcycle helmet and carrying a loaded firearm. He pointed the gun at the cashier and demanded money. Once he received money from the cashier, he ran into a nearby mobile home park where his get-away driver, Anthony David Dongey, was waiting on a motorcycle. Defendant secreted his clothes and the loaded firearm in the bushes. As he and Dongey were exiting the mobile home park on the motorcycle, they were stopped by police and arrested. Despite invoking his right to counsel pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*), defendant was questioned regarding the location of the firearm and he disclosed where it was hidden.

Defendant was found guilty of robbery, being a felon in possession of a firearm, and second degree burglary. Defendant makes the following claims on appeal:

1. The admission of his statement about the location of the firearm violated his Fifth and Fourteenth Amendment rights since it was obtained in violation of *Miranda* and *Edwards v. Arizona* (1981) 451 U.S. 477 (*Edwards*).

2. The evidence was insufficient to support the trial court's findings that his two prior first degree burglary convictions qualified as violent priors pursuant to Penal Code section 667.5, subdivision (a).[1]

3. The trial court erred by sentencing him on one of the section 667.5, subdivision (b) prior convictions.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

We find merit in defendant's argument that the People failed to prove that the two prior convictions for first degree burglary qualified as violent felonies pursuant to section 667.5, subdivision (a). Additionally, we agree that he was improperly sentenced to a consecutive one-year term for one of the 667.5, subdivision (b) prior convictions. We will modify the sentenced accordingly. Otherwise, we affirm the judgment.

I

PROCEDURAL BACKGROUND

Defendant was found guilty by a Riverside County Superior Court jury of robbery (§ 211) and the jury found true the allegations for this count that he personally used a deadly and dangerous weapon, to wit, a firearm (§§ 12022, subd. (a), 12022.53, subd. (b).) The jury also found defendant guilty of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and second degree burglary (§ 459).

After waiving his right to a jury trial, and in a bifurcated court trial, the trial court found that defendant had suffered three prior serious or violent felony convictions within the meaning of section 667, subdivisions (c) and (e)(1). In addition, the trial court found true the allegations that he had served five prior prison terms, three of which were for committing violent felonies, within the meaning of section 667.5, subdivisions (a) and (b).

The trial court sentenced defendant to 25 years to life for the robbery, plus 10 years for the personal use of a firearm for that count. In addition, for the prior prison terms, he was sentenced to an additional 11 years on all five prior prison term

enhancements. He received a total determinate sentence of 21 years, plus 25 years to life in state prison. Defendant's remaining sentence was stayed pursuant to section 654.

II

FACTUAL BACKGROUND[2]

On June 10, 2013, around 7:30 p.m., Jessie Macias was working as a cashier at the Del Taco in Cathedral City. A man, whom she later identified as defendant, approached the counter. He was wearing a motorcycle helmet. The visor of the helmet was down but Macias could see his eyes and nose. Defendant pointed a gun at her and demanded money. He asked for "twenties." Macias opened the register and gave him money which she estimated was about $100. Defendant exited the Del Taco, walked past the drive thru and toward a wall that separated the Del Taco from an adjacent mobile home park. Macias called the police once defendant left.

Cathedral City Police Officer Brian Barkley responded to the Del Taco within two to three minutes. As he approached the Del Taco, he observed two persons on a motorcycle exiting the mobile home park. Since Officer Barkley was aware that the person who robbed the Del Taco had been wearing a motorcycle helmet, he advised another responding officer, Officer Mark Robles, to pursue the motorcycle.

Officer Robles stopped the motorcycle. Anthony Dongey was driving the motorcycle and defendant was on the back. Defendant was wearing a pair of Nike shoes.

---

[2]     The parties stipulated that defendant had suffered a prior felony conviction for purposes of the felon in possession of a firearm charge.

4

Defendant did not have the firearm in his possession. Officer Barkley and several other officers searched the mobile home park for the firearm for over one hour but it could not be found. Dongey told Officer Barkley the location of the gun and clothes that defendant had been wearing during the robbery. The officers found the clothes in some bushes near a fence in the mobile home park but they could not find the gun. Officer Barkley asked defendant where the gun was located. Defendant told them that the gun, his shirt, and pants were all in the same location. Another officer went back to look for the gun. The firearm was found at around 2:00 a.m. where the clothes had been found.

Shoe imprints were taken from the dirt near the wall separating the Del Taco and the mobile home park. The imprints matched the soles of defendant's Nike shoes.

Dongey was interviewed after he was arrested. Dongey told the officers that defendant suggested they go to the Del Taco because he wanted to rob it. Dongey claimed he did not want to do it but defendant told him he had to drive the motorcycle. They drove into the mobile home park and defendant walked off with a gun in his waistband. When he came back, defendant discarded the firearm and his clothes.[3]

Defendant presented no evidence on his behalf.

---

[3] Dongey testified at trial but answered most of the questions posed to him that he did not want to respond. He was in custody at the time he testified having pleaded guilty to charges from his involvement in the instant robbery.

III

THE PUBLIC SAFETY EXCEPTION TO *MIRANDA*

Defendant contends his statement to Officer Barkley revealing where the firearm had been hidden was erroneously admitted by the trial court because he had invoked his *Miranda* rights prior to being questioned. The admission of the statement violated his Fourteenth and Fifth Amendment rights.

A.    *Additional Factual Background*

The People filed a pretrial brief seeking to admit defendant's statement to Officer Barkley as to the location of the discarded firearm. The People argued that the statement made by defendant as to the location of the firearm he had used during the robbery and that he had secreted in the bushes after invoking his *Miranda* right to speak with counsel, was not barred because of the "public safety exception."

At the hearing, the People argued that the statement was admissible because the question by the officer to defendant was specifically for public safety reasons. The officer was worried that a child or someone could pick up the gun. The People argued under *New York v. Quarles* (1984) 467 U.S. 649 (*Quarles*) that if there is a public safety need, it outweighs the prophylactic *Miranda* rule. The People sought to admit only one statement that the officer asked where the firearm was located and defendant's response.

Defendant's counsel noted that the police report provided that defendant was given his *Miranda* warnings and that he asked for an attorney. Defendant's counsel argued this was not a school or a park. It was a mobile home park and it was dark. The area where the gun was located was in an obscure area. Furthermore, Dongey had

6

already told them where it was located, which was a remote area. There was no public safety concern.

The People responded that a mobile home park could have children present. Moreover, just because the firearm was hidden in the bushes, it did not mean it could not be found by someone. The trial court allowed the statement.

B.     *Analysis*

"Under *Miranda* and the long line of cases following it, a suspect cannot be subjected to custodial interrogation unless there has been a knowing and intelligent waiver of the rights to remain silent, to the presence of an attorney, and, if indigent, to the appointment of counsel; and 'police interrogation must cease once the defendant, by words or conduct, demonstrates a desire to invoke his right to remain silent, or to consult with an attorney.' [Citations.]" (*People v. Davis* (2009) 46 Cal.4th 539, 585 (*Davis*)). "On review of a trial court's decision on a *Miranda* issue, we accept the trial court's determination of disputed facts if supported by substantial evidence, but we independently decide whether the challenged statements were obtained in violation of *Miranda*. [Citations.]" (*Davis,* at p. 586.)

"Generally, statements elicited in violation of these *Miranda* principles may not be used against the defendant at trial [citation] . . ." (*People v. Andreasen* (2013) 214 Cal.App.4th 70, 86.) There is no dispute in this case that defendant was properly *Mirandized* and that he invoked his right to counsel. After invoking his right to counsel, Officer Barkley questioned him as to the location of the firearm.

7

The high court in *Quarles, supra,* 467 U.S. 649, carved out a "public safety exception" to the requisite *Miranda* warnings. In *Quarles*, the victim approached police officers on patrol, told them she had just been raped, described the assailant, and said he was in a nearby store with a gun. An officer entered the store, saw the defendant, and arrested him. Defendant was wearing a gun holster but it was empty. The officer asked the defendant where the gun was, and the defendant told him its location. After retrieving the gun, the officers advised the defendant of his constitutional rights under *Miranda*. (*Quarles,* at pp. 651-652.)

The high court held that the officer's initial question to the defendant did not violate Miranda because of the public safety exception to the requirement that *Miranda* warnings be given before a suspect's answers may be admitted into evidence. (*Quarles*, 467 U.S. at pp. 655-656.) As stated by the high court, "[T]he need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination." (*Quarles, supra,* at p. 657.)

Here, Officer Barkley's question to defendant concerning the location of the discarded firearm was reasonably driven by a concern for public safety. It was clear that defendant had used a firearm in the robbery at the Del Taco and it was no longer in his possession. Dongey advised the officers that defendant hid the firearm with his clothes. When the firearm could not be located with the clothes, defendant was asked where the firearm was located. Until the firearm could be located it posed a threat to public safety. It was not beyond reason that children or other persons could find the firearm despite

8

being hidden in the bushes. Officer Barkley was justified in asking defendant the location of the firearm despite him invoking his right to counsel.

Defendant claims that the United States Supreme Court has not decided the issue of whether the public safety exception is applicable when a defendant actually invokes his *Miranda* rights. He cites to the decision in *Edwards, supra,* 451 U.S. 477, which has stated that at any point during custodial interrogation a suspect requests counsel, "'the interrogation must cease until an attorney is present.'" (*Id*. at p. 482.) Defendant recognizes that the California Supreme Court has found otherwise but raises the argument in order to preserve his federal claim should the United States Supreme Court decide otherwise.

In *Davis*, *supra,* 46 Cal.4th 539, the defendant was investigated for the disappearance of Polly Klaas. Defendant was arrested and given his *Miranda* warnings. He invoked his right to counsel. Several days later, the police tried to persuade him to disclose Polly's whereabouts without counsel present. Defendant told the officer that Polly was dead. (*Davis*, at pp. 590-591.) The trial court admitted the statement. Relying on *Edwards*, the defendant argued on appeal that he could not be questioned without counsel and that his statements could not be admitted against him. (*Id*. at pp. 590-591.) The *Davis* court found the statements were admissible under the "rescue doctrine," despite the defendant invoking his right to counsel. The court also noted that the rescue doctrine is analogous to the public safety exception. (*Davis*, at pp. 593-596.)

Based on the foregoing, the California Supreme Court has found that even if a defendant has been *Mirandized* and invokes his right to counsel, the rescue doctrine is

9

still applicable. It follows that the public safety exception is still applicable as the danger continues to exist. We are bound by this precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Even if the statements made by defendant violated the principles of *Miranda, supra,* 384 U.S. 436 or *Edwards, supra,* 451 U.S. 477, the error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24; see also *Davis, supra,* 46 Cal.4th at p. 598.) Without defendant's statement, the physical evidence still established that defendant robbed the Del Taco while using a loaded firearm. Macias was able to see part of defendant's face and could identify him at the show up as the person who robbed her at gunpoint. Further, defendant's shoes matched the imprints in the dirt between the Del Taco and the mobile home park. Finally, Dongey told the officers that they went to the mobile home park so defendant could rob the Del Taco and that defendant changed his clothes and secreted the gun in the mobile home park. The evidence overwhelmingly pointed to defendant's guilt and even if the statement had been excluded, the result would be the same.

IV

SUFFICIENT EVIDENCE OF VIOLENT FELONY CONVICTIONS PURSUANT TO SECTION 667.5, SUBDIVISION (a)

Defendant contends that the People failed to prove that two of the prior prison term allegations found true against him pursuant to section 667.5, subdivision (a) were violent felonies as required by the section.

A.    *Additional Factual Background*

Defendant waived his right to a jury trial on the prior convictions. At the court trial, the People introduced a section 969b packet showing the chronology of his prison terms. The People also introduced exhibit 48 which was the certified prior record in Riverside County Superior Court case Number ICR25361. This was to prove the offense of first degree burglary under section 667.5, subdivision (a) and sections 667, subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1). The People also introduced exhibit 49 which was additional information as to the subsequent prison term served. This included minute orders from defendant's guilty plea to the charge of first degree burglary and the felony complaint.

In addition, the People submitted exhibit 51 which was the certified record of Los Angeles County Superior Court case Number A814976 for a second first degree burglary offense under section 667.5, subdivision (a) and sections 667, subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1).[4] The record included the felony complaint, his guilty plea to the charge on the felony complaint, and the abstract of judgment.

After reviewing the records, the trial court found three priors under sections 667, subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1) true. The trial court then stated, without discussion, "With respect to the three prior offenses alleged under 667.5, subdivision (a), that are indicated as the first prior offense, second prior offense, and third

---

[4]    At the hearing, the People introduced other certified records, including records for a third prior offense under section 667.5, subdivision (a) for robbery which are not pertinent to this argument. Defendant's counsel presented no argument or evidence.

11

prior offense, I find those true beyond a reasonable doubt." Defendant was sentenced to three consecutive three year terms on the section 667.5, subdivision (a) prior prison term convictions.

B.    *Analysis*

"The state has the burden 'to prove beyond a reasonable doubt those alleged prior convictions challenged by a defendant.' [Citation.] In reviewing the sufficiency of the evidence of the prior convictions, we determine '". . . whether a reasonable trier of fact could have found that the prosecution sustained its burden of proof beyond a reasonable doubt. In making this determination, [we] must consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the [conclusion of the [trier of fact]], not whether the evidence proves guilt beyond a reasonable doubt."' [Citations.]" (*People. v. Jones* (1995) 37 Cal.App.4th 1312, 1315; see also *People v. Tenner* (1993) 6 Cal.4th 559, 566-567.)

Section 667.5, subdivision (a) provides for an additional three-year prison term to be served by a defendant for each prior prison term served where the prior offense was one of various enumerated offenses. Those offenses include: "Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." (§ 667.5, subd. (c)(21).) Accordingly, a first degree

12

burglary qualifies as a violent felony only if it is charged and proved that another person was present in the residence during the commission of the burglary.  (*Ibid.*)

"[I]n determining the nature of a prior conviction, the court may look to the entire record of the conviction, 'but no further.'  [Citation.]"  (*People v. Trujillo* (2006) 40 Cal.4th 165, 180.)  "The 'record of conviction' includes the charging document and court records reflecting defendant's admission, no contest plea, or guilty plea."  (*People v. Gonzales* (2005) 131 Cal.App.4th 767, 773.)  The evidence used to prove the nature of a prior conviction must be both part of the record of conviction and admissible under the rules of evidence or other statutory limitations.  (*People v. Lewis* (1996) 44 Cal.App.4th 845, 850-851.)

Respondent concedes that the People did not plead or prove that in case Number ICR25361 defendant committed a first degree burglary while another person was present as required by section 667.5, subdivision (a).  On August 6, 1996, in case Number ICR25361, defendant entered a plea of guilty to one felony count of first degree burglary as alleged in the felony complaint.  The record of conviction for case Number ICR25361 shows in the felony complaint that the first degree burglary was charged as follows: "That the above named defendant committed a violation of Section 459 of the Penal Code, a felony, in that on or about July 20, 1996, in the County of Riverside, State of California, he did willfully and unlawfully enter a certain building, to wit, an inhabited dwelling house, located at 32-505 Candlewood Dr., #115, Cathedral City, California, with intent to commit theft and a felony."  Defendant pleaded guilty to the charge.  There is no indication from the plea or the charging document that a person was present.  As

13

such, the section 667.5, subdivision (a) finding was not supported by the evidence and must be reversed.

As for the prior first degree burglary offense for case Number A814976, Respondent argues that it was pled and proven that a person was present during the robbery. According to the submitted documentation, the felony complaint alleged as follows: "On or between October 16, 1986 and October 17, 1986, in the County of Los Angeles, the crime of RESIDENTIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was committed by ROBERT JAMES BRODERICK, who did willfully and unlawfully enter an inhabited dwelling house, and trailer coach and inhabited portion of a building, the residence of and occupied by Eric Tracy, with the intent to commit larceny and any felony. It is further alleged that the above offense is a serious felony within the meaning of Penal Code Section 1192.7(c)(18)." Defendant entered a guilty plea to this count as it appeared in the complaint. The abstract of judgment lists the crime as "Burg first degree."

Respondent argues that the language "occupied by Eric Tracy" confirms that Tracy was present during the burglary. We may well have agreed with Respondent's position had it not been for the fact that the information alleged the burglary was a "serious," not a violent, felony within the meaning of section 1192.7.[5] Based on this language, we cannot conclude that defendant pleaded to a violent felony under section

---

[5]     Section 1192.7, subdivision (c)(18) provides that "any burglary of the first degree" is a serious felony.

14

667.5, subdivision (a). As such, the evidence that this prior conviction was a violent felony under section 667.5, subdivision (a) was not supported by the evidence.

We will order that the two prior conviction enhancements for his prior first degree burglary convictions found true pursuant to section 667.5, subdivision (a) be reversed.

V

ONE YEAR PRIOR UNDER SECTION 667.5, SUBDIVISION (b)

Defendant argues, and Respondent concedes, that this court should strike the one-year sentence imposed for the section 667.5, subdivision (b) prior conviction enhancement for Riverside County Superior Court case Number ICR18915 because he did not serve a "separate prison term" in that case.

In the information for this case, defendant was charged with having suffered a prior prison term for a violent offense, robbery, within the meaning of section 667.5, subd. (a), on November 11, 1994 in Riverside County Superior Court case Number ICR19813. He was also charged with having suffered a prior prison term for committing grand theft within the meaning of section 667.5, subdivision (b) on November 22, 1994, in Riverside County Superior Court case Number ICR18915.

At the trial on the prior conviction, the People admitted exhibit 50 which was a certified record of the conviction in case Number ICR19813, which was the robbery prior offense. According to the record of conviction, defendant was arraigned on a charge of robbery on November 2, 1994. On November 22, 1994, he pleaded guilty to one count of robbery. Defendant was sentenced to two years and the minute order included language that "LOW TERM STIP CONCURRENT W/ICR18915."

15

In addition, the People introduced the record of conviction (exhibit 55) for case Number ICR18915 which was the conviction for grand theft. According to the minute order, he was arraigned on November 2, 1994. On November 22, 1994, he pleaded guilty and was sentenced to two years.

He was sentenced to an additional one year on the section 667.5, subdivision (b) prior for case Number ICR18915 and three years for the section 667.5, subdivision (a) prior for case Number ICR19813.

Both subdivisions (a) and (b) of Section 667.5 require that the prior offense involve a "separate prison term" be served for a felony in order to qualify under those subdivisions. Based on this language that a "separate" prison term must be served, when only one prison term is served for two convictions, only one enhancement may be imposed as a prior prison term under section 667.5. (*People v. Torres* (2011) 198 Cal.App.4th 1131, 1151.)

Defendant could only be sentenced on the section 667.5, subdivision (a) enhancement for case Number ICR19813. We will modify the sentence by striking the section 667.5, subdivision (b) enhancement for case Number ICR18915.

VI

DISPOSITION

We modify the sentence to strike the two enhancements imposed pursuant to section 667.5, subdivision (a) for the prior offenses in case Numbers A814976 and ICR25361. This will reduce his determinate sentence by six years. In addition, we strike the enhancement imposed pursuant to section 667.5, subdivision (b) for case Number

16

ICR18915.  This will reduce his determinate sentence by one year.  The trial court is directed to prepare an amended abstract of judgment reflecting this modification and forward it to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
J.

We concur:


RAMIREZ
P. J.


MILLER
J.