Filed 9/30/16  P. v. Schaar CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID WILLIAM SCHAAR,<br><br>    Defendant and Appellant. | F070279<br><br>(Super. Ct. No. MF010998A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush and Colette M. Humphrey, Judges.

Tutti Hacking, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda E. D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P.J., Peña, J. and McCabe, J.[†]

[†]Judge of the Merced Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Pursuant to a plea agreement, appellant David William Schaar pled no contest to one count of violating Penal Code[1] section 69, resisting arrest, and admitted suffering a prior conviction for violating section 243, subdivision (d) (section 243(d)), battery, but reserved the right to contest whether the prior conviction constituted a strike offense for purposes of sentencing. At sentencing, the trial court found the prior conviction to be a strike and imposed double the low term for the section 69 offense pursuant to section 667, subdivision (e).

Schaar contends, and the People concede, insufficient evidence supports the trial court's finding the prior conviction constituted a strike. Schaar also requests this court to independently review the documents produced in response to a motion made pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). We reverse the finding that the prior conviction constitutes a strike and remand for resentencing.

## FACTUAL AND PROCEDURAL SUMMARY

On February 21, 2014, Schaar was charged in count 1 with violating section 67, offering a bribe to an executive officer; in count 2 with violating section 422, making criminal threats; in count 3 with violating section 69, resisting arrest; and in count 4 with violating Health and Safety Code section 11357, subdivision (a), possession of concentrated cannabis. Count 2 was subsequently dismissed pursuant to section 995.

On April 23, 2014, Schaar filed a *Pitchess* motion seeking personnel records of the arresting officer pertaining to incidents of falsification of information, omission of information in reporting investigations, dishonesty in reporting investigations, conduct unbecoming an officer, and use of excessive force. The People filed opposition to the motion.

---

[1]References to code sections are to the Penal Code unless otherwise specified.

2.

At a hearing on the *Pitchess* motion held on May 15, 2014, the trial court indicated it would review the personnel records for "dishonesty only." At the conclusion of the in camera hearing, the trial court stated it had reviewed the personnel file and "[t]here is nothing in the file that's responsive to this motion."

On July 3, 2014, Schaar entered into a plea agreement. In exchange for pleading no contest to a felony violation of section 69 and admitting a prior conviction for violating section 243(d), the remaining charges and allegations would be dismissed. As to the prior conviction, Schaar admitted suffering the conviction, but reserved the right to contest "whether or not it's a strike."

In September 2014, Schaar filed a motion to withdraw his plea. The motion alleged Schaar had not been informed of the consequences of his plea when he pled to the prior offense in 2010, and Schaar now wished to withdraw his current plea wherein he admitted the prior offense. The transcript of the 2010 plea hearing reflected Schaar pled to a felony offense of violating section 243(d).

The People filed opposition to the motion. The People noted there was no language indicating Schaar was an aider and abettor to the section 243(d) offense. The People asserted this fact, combined with the plea to a section 243(d) offense, was sufficient to put Schaar on notice he was pleading to a serious felony. The People maintained the offense was a serious felony and, therefore, a strike offense, even though there was no allegation that Schaar personally inflicted serious bodily injury on the victim.

At the September 18, 2014, sentencing hearing, the trial court denied the motion to withdraw the plea stating, "I don't think it's mandated that the defendant be advised at the time he's taking the plea that it is a strike." The trial court also noted the factual basis for the 2010 plea was the police reports, which the trial court had reviewed. Based upon the police reports and Schaar's plea in 2010, the trial court found the prior conviction to be a strike.

Schaar was sentenced to double the low term for the section 69 offense pursuant to section 667, subdivision (e). Various fines and fees were imposed. Schaar was awarded 489 days of custody credits.

Schaar filed a notice of appeal on October 14, 2014, and requested a certificate of probable cause, which was granted.

## DISCUSSION

Schaar contends the evidence is insufficient to prove his 2010 conviction was for a serious or violent felony and therefore a strike conviction. The People concede the evidence is insufficient and request the matter be remanded for further proceedings.

Schaar also asks this court to independently review the personnel records produced in response to his *Pitchess* motion. The People have no objection to our independent review of the *Pitchess* documents.

## I.     Insufficient Evidence of Prior Strike

When a defendant is convicted of a felony offense and it is pled and proven that he or she previously had been convicted of a serious or violent felony, sentencing "proceeds under the Three Strikes law." (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 505.) As relevant to Schaar's appeal, section 667.5, subdivision (c)(8) provides that a violent felony for purposes of three strikes sentencing includes any "felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in section 12022.7, 12022.8, or 12022.9." Section 1192.7, subdivision (c)(8) specifies that serious felonies include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice."

A violation of section 243(d) is not specifically included in the list of serious or violent felonies in sections 667.5 and 1192.7. To establish a prior conviction for violating section 243(d) as a serious or violent felony for purposes of three strikes

sentencing, the People were required to show that Schaar *personally* inflicted the serious bodily injury, rather than aided and abetted, and that the victim was not an accomplice. (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.)

If a defendant admits a conviction constitutes a conviction for a serious or violent offense for purposes of three strikes, that admission can be used in subsequent proceedings. (*People v. Bueno*, *supra*, 143 Cal.App.4th at p. 1509.) Schaar made no such admission at the time he pled to the section 243(d) offense in 2010.

To ascertain the nature of a prior conviction, the trial court "may look to the entire record of the conviction, '*but no further.*'" (*People v. Trujillo* (2006) 40 Cal.4th 165, 180.) Evidence other than the "record of conviction" may not be used to prove a prior conviction was a serious or violent felony. (*People v. Scott* (2000) 85 Cal.App.4th 905, 913.)

The record of conviction includes the charging documents, court records reflecting a defendant's guilty or no contest plea, and transcripts of the preliminary hearing and sentencing hearing. (*People v. Gonzales* (2005) 131 Cal.App.4th 767, 773.) Police reports are not part of the record of conviction. (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.) The accuracy of information in a police report is not subject to judicial notice. (*People v. Jones* (1997) 15 Cal.4th 119, 171, fn. 17.) It was error for the trial court to rely upon evidence other than the record of conviction to establish the nature of the prior conviction. (*People v. Scott*, *supra*, 85 Cal.App.4th at p. 913.)

The trial court also erred in relying upon the lack of any indication in the 2010 plea transcript that Schaar abetted and aided another individual to conclude Schaar must have personally inflicted great bodily injury on the victim. The court in *Bueno* rejected the use of the absence of an allegation of aiding and abetting to establish that a defendant personally inflicted great bodily injury on someone other than an accomplice. (*People v. Bueno*, *supra*, 143 Cal.App.4th at p. 1510.)

The record reflects the People failed to produce competent evidence establishing Schaar's 2010 conviction for violating section 243(d) constituted a strike offense. The trial court consequently erred in determining the 2010 conviction was a strike for purposes of three strikes sentencing, and we reverse the finding.

## II. Retrial on Remand

Having concluded there was no competent evidence establishing the 2010 conviction constituted a strike conviction, the matter will be remanded for resentencing. On remand, the People may retry the issue of whether the 2010 conviction constitutes a strike conviction for purposes of three strikes sentencing. Retrial is not barred when a prior conviction allegation is reversed for insufficient evidence. (*Monge v. California* (1998) 524 U.S. 721, 728; *People v. Barragan* (2004) 32 Cal.4th 236, 239.)

## III. *Pitchess* Review

At the *Pitchess* hearing, the trial court noted it had reviewed the personnel record of the officer and determined there were no documents responsive to the motion. We have independently reviewed the documents reviewed by the trial court in response to the *Pitchess* motion and reach the same conclusion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228.)

## DISPOSITION

The true finding that Schaar's 2010 conviction for violating section 243(d) was a serious or violent felony for purposes of three strikes sentencing is reversed for insufficiency of the evidence. The matter is remanded to the trial court for resentencing and further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.